UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| AMERICA FIRST POLICY INSTITUTE,<br><br>　　　　　　　　　　*Plaintiff,*<br>　　v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　　　　　　　*Defendant.* | Civil Action No._____ |

**COMPLAINT**

AMERICA FIRST POLICY INSTITUTE
1635 Rogers Road,
Fort Worth, Texas 76107

## INTRODUCTION

1. The America First Policy Institute ("AFPI") brings this complaint against the U.S. Department of Homeland Security ("DHS") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Specifically, AFPI requests that the Court order DHS to make a determination within the meaning of FOIA and then immediately produce to AFPI all responsive non-exempt documents that DHS has failed to produce.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## PARTIES

4. Plaintiff AFPI is a nonprofit, non-partisan research institution organized under the laws of Texas with residency in Fort Worth, Texas. AFPI is dedicated to the advancement of policies that put the American people first. Its guiding principles are political, religious, and economic liberty, the rule of law, America-First foreign policies, and a belief that American workers, families, and communities are indispensable to the success of our country. In AFPI's view, it is the mandate of policymakers, from local school boards to the United States Congress, to advance and serve these interests above all others. AFPI accomplishes its mission, in part, through litigation, regulatory comment, FOIA requests, research papers and blog posts, and other public interest efforts.

5. Defendant DHS is an "agency" of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DHS is in possession, custody, and control of the records responsive to AFPI's requests.

6. The Cybersecurity & Infrastructure Security Agency ("CISA") is a subsidiary and an operational component of Defendant DHS.

7. Defendant DHS maintains a webpage that connects potential FOIA requesters to a portal that handles CISA-relevant FOIA requests. *See generally*, *FOIA Contact Information*, Department of Homeland Security (July 26, 2023), dhs.gov/foia-contact-information.

## STATUTORY FRAMEWORK

8. Under FOIA, federal agencies must release requested records to the public unless one or more specific statutory exceptions apply. 5 U.S.C. § 552(a)(3).

9. FOIA requires an agency to respond "within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request[,]" notifying the requester of the agency's determination "whether to comply with the request[.]" 5 U.S.C. § 552(a)(6)(A)(i).

10. FOIA further requires that within the 20 business days allotted, the agency must deliver with its determination the reasons therefore, and the right to appeal any adverse determination to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i)(I-III)

11. The 20 business day determination requirement mandates "more than just an initial statement that the agency will generally comply with a FOIA request and will produce non-exempt documents and claim exemptions in the future." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

12. Rather, the agency must at least "gather and review the documents" and then specifically "determine and communicate the scope of the documents it intends to produce and withhold." *Id.*

13. The 20 business day deadline for a determination may be extended, at most, "for an additional 10 days" provided that the agency does so by "timely written notice" that "set[s] forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. §§ 552(a)(4)(A)(viii)(II)(aa), 552(a)(6)(B)(i).

14. Insofar as an agency seeks an additional 10 days to the 20 business day deadline to produce a determination, "[i]f the agency fails to comply with the extended time lime, the agency may not access any search fees." 5 U.S.C. § 552(a)(4)(A)(viii)(II)(aa).

15. Courts have jurisdiction to "order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Ordinarily, a FOIA requestor must exhaust administrative appeal prior to seeking judicial remedy. But the requester is "deemed to have exhausted administrative remedies with respect to such request if the agency fails to comply with the applicable time limit[.]" 5 U.S.C. § 552(a)(6)(C)(i).

16. FOIA also allows the court to assess "reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." 5 § U.S.C. 552(a)(4)(E)(i).

## FACTUAL ALLEGATIONS

**Plaintiff's First FOIA Request**
**(FOIA Request No. 2021-NPFO-00120)**

17. On July 22, 2021, AFPI, through its employee, agent, and Director for AFPI's Center for American Freedom, James Sherk ("Mr. Sherk"), submitted a FOIA request to CISA, an operational component of Defendant DHS, for:

    > copies of all e-mail communication between officers or employees of the Cybersecurity & Infrastructure Security Agency (CISA) that were either sent to, or received from, the following e-mail domains between January 20, 2021 and the date of the completion of this request:
    >
    > @fb.com
    > @google.com
    > @twitter.com.

18. Mr. Sherk also sought expedited processing and a waiver for all assessable FOIA fees for this request.

19. On July 22, 2021, DHS sent a reply to Mr. Sherk that his FOIA request had been assigned request number 2021-NPFO-00120 from the email address palhelpdesk@hq.dhs.gov.

20. On the same day, DHS also notified Mr. Sherk via email that his FOIA request had been updated to the "Received" status. The notification came from the email address palhelpdesk@hq.dhs.gov.

21. On July 29, 2021, DHS, via email, sent Mr. Sherk an acknowledgement letter from foia@hq.dhs.gov, regarding 2021-NPFO-00120.

22. The acknowledgement letter, signed by Jimmy Wolfrey, then Acting Senior Director of FOIA Operations and Management and dated July 29, 2021, detailed the standard used by CISA to determine where a fee waiver is appropriate, and notified Mr. Sherk that his request for a fee waiver was granted.

23. The same acknowledgement letter notified Mr. Sherk that his request for expedited processing was denied.

24. Within the same acknowledgement letter, CISA invoked FOIA's 10-day extension to the 20 business day determination deadline.

25. Nowhere within the acknowledgement letter did CISA provide a determination as to 2021-NPFO-00120 within the meaning of FOIA.

26. On August 19, 2021, DHS informed Mr. Sherk via email from foia@hq.dhs.gov, that seeking records responsive to 2021-NPFO-00120 "yielded a very voluminous search" and suggested that Mr. Sherk limit the accounts searched to "agency decision-makers," which DHS defined as "all GS-15 and Senior Executive Service (SES) employees and political appointees."

27. This email from DHS further stated that the agency would "place this case on hold until we receive a response from you."

28. On August 25, 2021, Mr. Sherk replied to the same August 19, 2021, email narrowing his initial request. The narrower request sought as follows:

> First, I would like the initial search conducted – as you [DHS] suggest -- on only the accounts of agency decision makers (defined as GS-15 employees, SES, and political appointees).
>
> Second, I would like a narrower search on all remaining employees who are not agency decision makers (e.g. GS-14 and below, plus any other non-SES/GS-15/political employees). Could you report all e-mail chains with the previously specified domains where the emails include any of the following search terms or items:
>
> 1. COVID
> 2. Coronavirus
> 3. Corona virus
> 4. Fake news
> 5. Standards
> 6. Narrative
> 7. Hydroxychloroquine

       8. Hydroxy
       9. Misinformation
       10. Election fraud
       11. Election integrity
       12. Voter fraud
       13. The terms "Dominion" and "Fraud" within the same paragraph.
       14. The terms "Trump" and "Election" within the same paragraph.
       15. Any e-mailed Calendar invitations for a meeting or phone call where participants include anyone from Google, YouTube, Facebook, Twitter, or Snapchat.

29. On September 1, 2021, DHS sent an email informing Mr. Sherk that his "FOIA request #2021-NPFO-00120" had been updated to "In Process."

30. Defendant DHS did not issue a determination on 2021-NPFO-00120 to Mr. Sherk within 30 business days of July 22, 2021, when the request was initially filed.

31. Defendant DHS did not issue a determination on 2021-NPFO-00120 to Mr. Sherk, within 20 business days, nor within 30 business days of August 25, 2021, when Mr. Sherk narrowed his initial request.

32. At some point prior to February 9, 2022, DHS's online FOIA portal indicated that documents responsive to 2021-NPFO-00120 would be produced on February 9, 2022.

33. On April 14, 2022, DHS's online FOIA portal still indicated that documents responsive to 2021-NPFO-00120 would be produced on February 9, 2022, despite no responsive documents having yet been produced.

34. On March 29, 2023, Senior Program Specialist in the Privacy office of DHS, Maura Busch, emailed Mr. Sherk asking if he had continued interest in his initial or narrowed request. Ms. Busch informed Mr. Sherk that the initial request returned 30 gigabytes of information and the narrowed request returned 15 gigabytes of information.

35. This email was the first communication Mr. Sherk received from an agent of DHS regarding 2021-NPFO-00120 since the request's status was updated to "in process" on September 1, 2021, more than 600 days prior.

36. In the same email, Ms. Busch asked Mr. Sherk if he would like to further narrow the scope of his request.

37. On March 30, 2023, Mr. Sherk replied to the email, confirming his continued interest in the request and clarifying the scope of his request. He clarified that:

> we are looking for e-mails sent from CISA employees to employees of Facebook, Google, etc. We are not interested in any messages sent to personal gmail accounts, personal Facebook messages, etc.

38. Mr. Sherk also informed Ms. Busch that if the correct search parameters returned the volume of responsive messages indicated in her prior email, then he would like to receive that full volume.

39. On March 31, 2023, at 7:32 A.M., Ms. Busch replied to Mr. Sherk, articulating that in her view the amended request made on August 25, 2021, broadened rather than narrowed the original request. Ms. Busch invited Mr. Sherk to discuss on the phone to clarify the search request.

40. On March 31, 2023, at 8:54 A.M., Mr. Sherk replied to Ms. Busch indicating that he would be happy to speak over the phone. Mr. Sherk further attempted to clarify the request noting that the amended request sought only email communications between CISA employees sent to and received from the initially described email domains: @fb.com; @google.com; @twitter.com.

41. On March 31, 2023, at 3:08 P.M., after Mr. Sherk and Ms. Busch were able to clarify the amended request in a phone call, Ms. Busch emailed Mr. Sherk stating she would have the intake team "re-run the search as the search terms do narrow the request."

42. On March 31, 2023, at 3:18 P.M., Ms. Busch emailed Mr. Sherk stating that she would "need a day to talk to our intake team[.]"

43. To date, Mr. Sherk has received no further communications regarding 2021-NPFO-00120 from Ms. Busch, DHS, or any other of its agents.

44. To date, AFPI has never received a determination regarding 2021-NPFO-00120 from DHS, any of their agents, or any operational component of DHS—including CISA.

45. To date, AFPI has received no responsive non-exempt documents pursuant to 2021-NPFO-00120.

46. As of the filing of this complaint, more than 775 days have passed since AFPI, via Mr. Sherk, narrowed FOIA request number 2021-NPFO-00120 on August 25, 2021.

**AFPI's Second FOIA Request**
**(FOIA Request No. 2023-HQFO-00482)**

47. On December 15, 2022, AFPI, through its employee, agent, and policy analyst for the Center for American Freedom, Jacob Sagert ("Mr. Sagert"), submitted a FOIA request to Defendant DHS for:

> all active documents detailing the delegation of the [Secretary/Administrator/other agency head's] statutory authority to subordinate officers and employees (e.g., the agency Delegation Manual). This request encompasses documents detailing sub delegations of authority from subordinate officers or employees (e.g. an assistant secretary) to their subordinates.

(brackets in the original).

48. Mr. Sagert also sought a waiver for all assessable FOIA fees for this request.

49. At some time between December 15, 2022, and January 20, 2023, inclusive, Defendant DHS assigned this request the following request number: 2023-HQFO-00482.

50. On January 20, 2023, Defendant DHS sent Mr. Sagert an acknowledgement letter regarding 2023-HQFO-00482.

51. The acknowledgement letter, signed by Jimmy Wolfrey, then Senior Director of FOIA Operations and Management for Defendant DHS, detailed the standard used by Defendant DHS to determine where a fee waiver is appropriate, and notified Mr. Sagert that his request for a fee waiver was conditionally granted.

52. Defendant DHS outlined the conditional granted fee waiver as follows:

> The fee waiver determination will be based upon a sampling of the responsive documents received from the various DHS program offices as a result of the searches conducted in response to your FOIA request. DHS will, pursuant to DHS FOIA regulations applicable to media requesters, process the first 100 pages free of charge. If upon review of these documents, DHS determines that the disclosure of the information contained in those documents does not meet the factors permitting DHS to waive the fees, then DHS will at that time either deny your request for a fee waiver entirely, or will allow for a percentage reduction in the amount of the fees corresponding to the amount of relevant material found that meets the factors allowing for a fee waiver.

53. Within the same acknowledgement letter, Defendant DHS invoked FOIA's 10-day extension to the 20 business day determination deadline.

54. Nowhere within the acknowledgement letter did Defendant DHS provide a determination to 2023-HQFO-00482 within the meaning of FOIA.

55. Mr. Sagert has received no further communication regarding 2023-HQFO-00482 from DHS or any of its agents.

56. To date, AFPI has never received a determination regarding 2023-HQFO-00482 from DHS or any of its agents.

57. To date, AFPI has received no responsive non-exempt documents pursuant to 2023-HQFO-00482.

58. As of the filing of this complaint, more than 300 days have passed since AFPI, via Mr. Sagert, filed FOIA request number 2023-HQFO-00482.

**AFPI's Third FOIA Request**
**(FOIA Request No. 2023-HQFO-01050)**

59. On February 22, 2023, AFPI, through Mr. Sagert, submitted a FOIA request to DHS for:

    > For Fiscal Years 2022 and 2023, records detailing all attorney fee awards that the agency paid under the Back Pay Act (5 U.S.C. 5596(b)(1)(A)(ii)), including for each case: The total amount of attorney fees awarded; The hourly rate that attorney fees were paid at; The party receiving such attorney fees; and The "unjustified or unwarranted personnel action" that was corrected; and the total amount of underlying backpay awarded or otherwise paid out pursuant to 5 U.S.C. 5596(b)(1)(A)(i).

60. Mr. Sagert sought a fee waiver for all assessable FOIA fees for this request.

61. At some time between February 22, 2023, and March 31, 2023, inclusive, Defendant DHS assigned this request the following request number: 2023-HQFO-01050.

62. On March 31, 2023, Defendant DHS sent Mr. Sagert an acknowledgement letter regarding 2023-HQFO-01050.

63. This acknowledgement letter acknowledged the agency's receipt of Mr. Sagert's request on February 22, 2023.

64. This acknowledgement letter, signed by Jimmy Wolfrey, then Senior Director of FOIA Operations and Management for DHS, notified Mr. Sagert that in the satisfaction of his request, he will be deemed a media reporter and charged $0.10 per page of production, with the first 100 pages of production being free.

65. Within the same acknowledgement letter, DHS invoked FOIA's 10-day extension to the 20-business day determination deadline.

66. Nowhere within the acknowledgement letter did DHS provide a determination to 2023-HQFO-01050 within the meaning of FOIA.

67. Mr. Sagert has received no further communications regarding 2023-HQFO-01050 from DHS or from any of its agents.

68. To date, AFPI has never received a determination regarding 2023-HQFO-01050 from DHS or from any of its agents.

69. To date, AFPI has received no responsive non-exempt documents pursuant to 2023-HQFO-01050.

70. As of the filing of this complaint more than 225 days have passed since AFPI, via Mr. Sagert, filed FOIA request number 2023-HQFO-01050.

**HHS Failed to Comply with any of AFPI's FOIA Requests**

71. To date, AFPI has received no responsive non-exempt documents for any of its three FOIA requests made to DHS or its operational components.

72. While DHS has acknowledged the receipt for each of AFPI's three FOIA requests, the agency failed to make a "determination" to any of these requests within the meaning of 5 U.S.C. § 552(a)(6)(A)(i). DHS did not "gather and review the documents" nor did it "determine and communicate the scope of the documents it intends to produce and withhold" within the 20 business days after the receipt of each respective request. *See Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

73. Even where DHS sought an additional 10-day extension to the 20-business day deadline for unusual circumstances, as it asserted within each of the relevant acknowledgement letters, the agency failed to make a determination within 30 business days to all three of AFPI's requests.

74. Because DHS did not make and communicate a "determination" within the meaning of 5 U.S.C. § 552(a)(6)(A)(i) in 20 business days, nor within 30 business days of receiving AFPI's FOIA requests, nor within 30-business days of AFPI's amended and narrowed request numbered 2021-NPFO-00120, AFPI is deemed to have exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and this lawsuit is properly before the Court.

75. At bottom, DHS has wrongfully withheld the responsive non-exempt records AFPI has requested.

76. On September 20, 2023, an AFPI agent sent a demand letter to Mason Clutter, DHS's Chief FOIA Officer, requesting the prompt production of the records sought in 2021-NPFO-00120; 2023-HQFO-00482; and 2023-HQFO-01050.

77. On September 22, 2023, a DHS agent responded to that demand letter stating only that the agency was "in the midst of processing these case;" the response did not provide any determinations as to any of the described FOIA requests, nor did it describe with any particularity when such a determination could be expected.

## CLAIMS FOR RELIEF

### COUNT I
*Failure to Comply with FOIA – 5 U.S.C. § 552*

78. AFPI repeats and re-alleges the allegations in the foregoing paragraphs as if set forth fully herein.

79. AFPI properly requested records that are within the possession, custody, and control of DHS.

80. DHS was required under 5 U.S.C. § 552(a)(3)(C) to conduct a reasonable search for records responsive to AFPI's FOIA request.

81. As to request number 2021-NPFO-00120, DHS failed to make and communicate a "determination" as to AFPI's request to AFPI within 30 business days of AFPI's amended and narrowed request submitted on August 25, 2021.

82. As to request number 2023-HQFO-00482, DHS failed to make and communicate a "determination" as to AFPI's request to AFPI within 30 business days of AFPI filing its request on December 15, 2022.

83. As to request number 2023-HQFO-01050, DHS failed to make and communicate a "determination" as to AFPI's request to AFPI within 30 business days of AFPI filing its request on February 22, 2023.

84. AFPI has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

85. Under 5 U.S.C. § 552(a)(3)(A), DHS was required to promptly produce all responsive non-exempt records that are subject to FOIA disclosure within the scope of AFPI's requests.

86. DHS failed to produce the non-exempt records responsive to AFPI's FOIA requests.

87. AFPI is entitled to an order compelling DHS to conduct reasonable searches sufficient to locate responsive records and to promptly produce all non-exempt responsive records.

88. To the extent that DHS seeks to invoke any of the applicable FOIA exceptions, AFPI is entitled to an order compelling DHS to produce sufficiently detailed indexes justifying any attempted withholding of responsive records.

## COUNT II
### *Preclusion of Assessment Fees – 5 U.S.C. § 552*

89. AFPI repeats and re-alleges the allegations in the foregoing paragraphs as if set forth fully herein.

90. AFPI is a nonprofit organization that seeks the requested records for a scholarly purpose and not for commercial use.

91. As to request number 2021-NPFO-00120, DHS has previously granted AFPI's request for a fee waiver.

92. As to request number 2023-HQFO-00482, DHS has previously issued a conditional fee waiver to AFPI.

93. As to request number 2023-HQFO-01050, DHS has not acknowledged AFPI's request for a fee waiver.

94. DHS failed to comply with the time limits under 5 U.S.C. § 552(a)(6).

95. Insofar as DHS seeks to assess a fee for AFPI's FOIA requests, AFPI is entitled to a declaration that DHS may not assess any search fees nor production fees associated with AFPI's FOIA request, pursuant to 5 U.S.C. §§ 552(a)(4)(A)(iii), 552(a)(4)(A)(viii)(I).

## **PRAYER FOR RELIEF**

**WHEREFORE,** AFPI respectfully asks that this Court enter judgment in its favor and provide the following relief:

A. An order declaring that DHS has violated FOIA;

B. An order compelling DHS to expeditiously conduct a reasonable search for all records responsive to AFPI's FOIA request and to demonstrate that it employed search methods reasonably likely to lead to the discovery of responsive records;

C. An order compelling DHS to produce within 20 days, or at such other time that this Court deems proper, all records responsive to AFPI's FOIA request that are subject to disclosure under FOIA and/or any indexes to the extent that DHS seeks to invoke any FOIA exemptions;

D. A judgment declaring that DHS has failed to comply with the time limits under 5 U.S.C. § 552(a)(6) and that search fees may not be assessed under 5 U.S.C. § 552(a)(4)(A)(viii);

E. A judgment granting attorney's fees and costs incurred in relation to this case, pursuant to 5 U.S.C. § 552(a)(4)(E); and

F. All other relief to which AFPI is entitled and that this Court deems just and proper.

Respectfully submitted this 12th day of October 2023.

By: *Jessica H. Steinmann*
Jessica H. Steinmann
(TX Bar No. 24067647)

AMERICA FIRST POLICY INSTITUTE
1635 Rogers Road
Fort Worth, Texas 76107
Jsteinmann@americafirstpolicy.com